UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RANDY ANDREW,  :

            Petitioner,  :     Civil Action No. 14-5761 (WHW)

            v.  :

UNITED STATES OF AMERICA,  :

            Respondent.  :     **MEMORANDUM OPINION AND ORDER**

**Walls**, District Judge:

This matter is before the Court upon the Clerk's receipt of Petitioner's § 2255 motion ("Petition"), see ECF No. 1, which arrived accompanied by Petitioner's application to proceed in forma pauperis. See ECF No. 1-1.[1] The Petition raises three "umbrella" Grounds. See ECF No. 1. Each Ground contains multiple, often obscure, generic and hard-to-understand "sub-grounds." See, e.g., ECF No. 1, at 4 (Petitioner's Ground One, which asserts that the prosecutors: (1) "failed [P]etitioner's request for Brady obligations by not disclosing impeachment evidence of audio visual DVD recordings"; (2) "withheld Jencks material"; (3) "covered up multiple failed attempts of informant and [P]etitioner"; (4) "withheld information and location of [G]overnment informant"; (5) "withheld information of Mark Mc Cargo's arrest after multiple request[s] concerning [c]o-conspirator's involvement with [P]etitioner"; (6) "covered up agents containing [P]etitioner by ways of phone calls from agents['] cellular phone[s]"); see also id. at 7 (Petitioner's Ground Three, which asserts that his defense counsel "was

---

[1] Because a § 2255 motion is merely "a continuation" of the underlying criminal proceeding, "in which the filing fees or leave to proceed in forma pauperis were not required," United States v. Thomas, 713 F.3d 165, 173 (3d Cir. 2013), Petitioner's in forma pauperis application was unnecessary. See id. at 173-74.

ineffective during critical pre-trial portion of the case [because: (1)] he did not independently investigate the circumstances[; (2) he did not] call available witnesses on [P]etitioner's behalf[; (3) he did not] subject the prosecution's case to an adversarial challenge[; (4) he] did not look into any of the [P]etitioner's claims[; (5) he] ignored to prepare a strategic defense[] by not exercising diligence during pre-trial portion[] of the case"). Petitioner's "umbrella" claims often repeat each other. See id. at 5 (Petitioner's Ground Two, which asserts sub-grounds substantively indistinguishable from those raised in his Ground One).

So drafted, Petitioner's motion fails to comply with the Habeas Rules. Habeas Rule 2 does not envision a pleading of "umbrella" claims containing "sub-grounds" that are effectively different claims. See 28 U.S.C. § 2254 Rule 2(c)(1); see also 28 U.S.C. § 2254 Rule 2(d); Cox v. Warren, No. 11-7132, 2013 U.S. Dist. LEXIS 161588, at *4 and n.2 (D.N.J. Nov. 13, 2013) (pointing out that "umbrella" grounds are unacceptable). And it is Petitioner's obligation to detail the *facts* underlying *each* of his claims. "Habeas corpus petitions must meet heightened pleading requirements," McFarland v. Scott, 512 U.S. 849, 856 (1994), and Habeas Rule 2(c) requires a petitioner to "state the facts supporting each ground." 28 U.S.C. § 2254 Rule 2(c)(2), applicable to § 2255 through Rule 1(b). As example, Petitioner should explain which specific Brady or Jencks materials were withheld, what were the "multiple failed attempts of informant and Petitioner" that the prosecutors "covered" and how these "attempts" were relevant to Petitioner's conviction, what information about the Government informant was "withheld" and how that information and the location of the informant were relevant to Petitioner's conviction, what were the acts of "containing Petitioner by ways of phone

2

calls" and how a "cover up" of that "containing" was relevant to Petitioner's conviction, which "circumstances" Petitioner's defense counsel did not investigate and how those circumstances were relevant to Petitioner's conviction, who were the "available witnesses" the defense counsel failed to call, what these witnesses would have testified to and how those testimonies would be relevant to Petitioner's conviction, which challenges the defense counsel failed to raise and how those challenges would be relevant to Petitioner's conviction, which Petitioner's claims the defense counsel did not "look into" and how those claims would be relevant to Petitioner's conviction, what was the strategic defense Petitioner's counsel omitted to prepare, etc.

IT IS, therefore, on this 23 day of September, 2014,

ORDERED that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

ORDERED that administrative termination is not a final dismissal on the merits, see Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265 (3d Cir. 2013); and it is further

ORDERED that Petitioner may have this matter reopened if, within thirty days of the date of the entry of this Memorandum Opinion and Order, he files his amended petition stating each his claim individually, without repetitions or resorting to "umbrella" pleading, and detailing his factual predicate in support of each claim; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and enclose in said mailing a blank Section 2255 form titled, "AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014)"; and it is further

ORDERED that the Clerk shall serve this Order upon Respondent by means of electronic delivery; and it is finally

ORDERED that, within fifteen days from the date of entry of this Order, Respondent shall file a written statement verifying its representation by counsel designated in this matter as "ATTORNEY TO BE NOTICED" or, in alternative, entering appearance of Respondent's substitution counsel.

                                          William H. Walls
                                          United States Senior District Judge